OPINION
James Eaton is appealing the judgment of the Montgomery County Common Pleas Court designating him a sexual predator.
On the night of November 12, 1985 in Miamisburg, Ohio, Mr. Eaton and Donald Powell saw the victim walking and offered to drive her to Franklin, Ohio. However, once they reached Franklin, Mr. Eaton and Mr. Powell refused to let the victim out of the car. Mr. Eaton and Mr. Powell instead drove to a wooded area where they performed oral sex on the victim without her consent, including inserting their fingers into her vagina and rectum. Both men attempted to have sexual intercourse with her against her will but were unable to do so.
Mr. Eaton and Mr. Powell then proceeded to drive the victim to Mr. Eaton's house, where both men had sexual intercourse with the victim against her will several times. While holding the victim at his house, Mr. Eaton threatened to kill the victim and threatened to "have [his] friends take care of her if she reported the offenses." (Joint Ex. IV p. 6) Moreover, Mr. Eaton threatened to stab the victim with a knife and repeatedly stabbed the knife into the wall around the victim. Additionally, the men pushed, shoved and manhandled the victim while repeatedly sexually abusing her for eight hours. Finally, after promising Mr. Eaton and Mr. Powell that she would not report the incident to the police, the victim managed to escape. She immediately called the police and Mr. Eaton and Mr. Powell were arrested. Mr. Eaton denied ever having sexual intercourse with the victim and claimed that she was at his house voluntarily.
On November 25, 1985, Mr. Eaton was indicted on one count of kidnapping, five counts of rape, five counts of gross sexual imposition, attempted rape, and robbery. After a jury trial, Mr. Eaton was found guilty on all of the counts and was sentenced to the following terms of incarceration: five to twenty-five years for kidnapping; five to twenty-five years for each count of rape, to be served concurrently; one year for each count of gross sexual imposition, to be served concurrently; four to fifteen years for attempted rape; and three to fifteen years for robbery. All of the sentences were to be served consecutively.
On December 15, 2000, the trial court conducted a sexual predator hearing for these offenses. The trial court determined that Mr. Eaton was a sexual predator by clear and convincing evidence. On January 22, 2001, Mr. Eaton filed this appeal.
Mr. Eaton asserts the following as his sole assignment of error:
 THE TRIAL COURT ERRED IN FINDING APPELLANT TO BE A SEXUAL PREDATOR AS THERE WAS INSUFFICIENT EVIDENCE TO ESTABLISH UNDER THE CLEAR AND CONVINCING STANDARD THAT APPELLANT WAS LIKELY TO COMMIT ANOTHER SEXUALLY ORIENTED OFFENSE IN THE FUTURE.
Mr. Eaton argues that the evidence presented by the State of Ohio (hereinafter "State") is insufficient to determine that he is a sexual predator. We disagree.
When reviewing a trial court's determination of a sexual predator, an appellate court examines the record and determines whether sufficient evidence exists to satisfy the required level of proof. State v. Isaacs
(Oct. 27, 2000), Montgomery App. No. 18272, unreported. A sexual predator determination must be based on clear and convincing evidence. R.C.2950.09(B)(3). Clear and convincing evidence has been defined as "the amount of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations to be proved. It is * * * more than a preponderance of the evidence and less than evidence beyond a reasonable doubt." State v. Ingram (1992), 82 Ohio App.3d 341, 346.
In order to designate someone a sexual predator, the trial court must find that the defendant "[1] has been convicted of or pleaded guilty to committing a sexually oriented offense and [2] is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). In making the determination whether one is a sexual predator, the trial court must consider the following non-exclusive factors:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one of more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2).
We recently stated in State v. Queary:
 The Ohio Supreme Court recently held that a single sexually oriented conviction alone may support a sexual predator adjudication. State v. Eppinger
(2001), 91 Ohio St.3d 158, 167. While it is impermissible to rely solely on the underlying conviction, a court may consider the facts of the underlying crime as a basis for a sexual predator determination. Id. The circumstances of the crime for which the defendant was convicted can, without more, support the designation of sexual predator by clear and convincing evidence. Eppinger, supra; see also State v. Bradley (June 19, 1998), Montgomery App. Nos. 16662, 16664, unreported. The Tenth Appellate District has stated, "[w]e would point out that nowhere in R.C. 2950 is there any prohibition against being adjudicated a sexual predator based solely on facts arising from the underlying offense." State v. Henson (Mar. 14, 2000), Franklin App. No. 99AP-553, unreported, appeal dismissed (2000), 89 Ohio St.3d 1454.
(Aug. 17, 2001), Montgomery App. No. 18300, unreported (finding that the single underlying sexual offense could alone support the defendant's designation as a sexual predator).
Mr. Eaton argues that clear and convincing evidence did not exist to support finding him to be a sexual predator. As support for this assertion, Mr. Eaton points to the psychologist's report that noted that Mr. Eaton's age was beyond the range which is statistically a higher risk for recidivism, and that there was no evidence that multiple victims, the use of alcohol or drugs to impair the victim, or the completion of a prior criminal sentence were related to predicting sex offense recidivism.
Mr. Eaton argues that the State relied heavily on the violent nature of the underlying crime to justify the sexual predator classification. Mr. Eaton argues that a trial court cannot find a defendant to be a sexual predator based strictly on facts surrounding the underlying crime. This is simply incorrect for as we stated in Queary, supra, the underlying facts of an offense may be sufficiently egregious that an offender may be determined to be a sexual predator based only on those circumstances. In the instant case, Mr. Eaton kidnapped and held the victim for eight hours while he and his cohort repeatedly sexually assaulted her. Further during the commission of the underlying offense, Mr. Eaton repeatedly threatened the victim with a knife and threatened to "have his friends take care of her." We find that the cruelty displayed in the underlying offense supported the trial court's determination that Mr. Eaton was likely to commit another sexually oriented offense. However, the trial court gave this factor little weight based on the psychologist's statement that cruelty was not a predictor of recidivism. Therefore, the trial court considered several other factors which supported its determination.
Mr. Eaton argues that the State relied upon his non-sexual criminal history to support the finding of sexual predator, but the psychologist's report stated that this was only a modest predictor of sex offense recidivism. However, the psychologist also diagnosed Mr. Eaton as having an antisocial personality disorder and stated that this along with Mr. Eaton's total number of previous offenses were the strongest predictors of recidivism. (Joint Ex. V p. 10). Mr. Eaton informed the psychologist that he had previously been convicted of carrying a concealed weapon, petty theft, public intoxication, disorderly conduct, falsification, receiving stolen property, and domestic violence against his wife. Mr. Eaton was on probation when he committed the underlying crimes. Mr. Eaton admitted to having eight prior convictions and was found to have an antisocial personality disorder which supports the trial court's determination that this revealed a higher risk of re-offending.
Another factor the trial court considered and gave significant weight was Mr. Eaton's history of substance abuse despite incarceration and several substance abuse treatment programs. Mr. Eaton's use of drugs or alcohol in his prior offenses is demonstrated by his probation for receiving stolen property requiring that he complete a drug treatment program. Further, the underlying crimes occurred while Mr. Eaton was abusing substances. This evidence supports the trial court's conclusion that Mr. Eaton is less likely to control himself when abusing substances.
The trial court also concluded that Mr. Eaton has been unable to control his substance abuse problem. Mr. Eaton has repeatedly been through substance abuse courses both before committing the underlying offenses and during his incarceration thereafter. While incarcerated for the underlying crimes, Mr. Eaton has had several infractions for either possession or consumption of an intoxicant and "dirty urines." These infractions demonstrate that Mr. Eaton continues to abuse substances after having completed substance abuse treatment and while incarcerated, when his ability to obtain these substances is hindered. Therefore, evidence existed that Mr. Eaton despite treatment programs has been unable to control his substance abuse which, when combined with his criminal history while abusing substances, provides evidence Mr. Eaton is likely to recidivate.
Finally, the trial court also considered Mr. Eaton's completion of sex offender treatment. Although some dispute existed in the evidence as to how much sex offender treatment Mr. Eaton had obtained, the trial court assumed he had fully completed three years of treatment, including understanding his high risk factors and strategies to control them. However, when asked to describe his crime to the psychologist, Mr. Eaton stated that "[a]lthough [the victim] did not agree, [he and his co-defendant, Mr. Powell,] took off her clothes and had sex with her, which was non-consensual." (Joint Ex. V p. 8). This brief statement does not reflect the eight hours of repeated sexual abuse to which the victim was subjected nor does it acknowledge the repeated threats of violence with a knife. Mr. Eaton's minimization of the crime, along with his initial denial of the crimes demonstrates an inability to acknowledge the extent and severity of his crimes. An inability to recognize one's crime's depth and cruelty prevents one from successfully being rehabilitated through treatment. State v. Southerland (Dec. 30, 1999), Butler App. No. CA99-01-013, unreported. Mr. Eaton's inability to acknowledge the magnitude of his crime discredits his claim of successful rehabilitation and creates a higher risk of recidivism.
Thus, Mr. Eaton's inability to acknowledge the extent and severity of his underlying sexual offense and his inability to control his substance abuse despite treatment for both sexual offenses and substance abuse when combined with his lengthy criminal history and the cruelty displayed during the commission of the underlying sexual offense provides clear and convincing evidence that Mr. Eaton is likely to engage in the future in one or more sexually oriented offenses. The trial court's designation of Mr. Eaton as a sexual predator is supported by clear and convincing evidence. Mr. Eaton's assignment of error is without merit and overruled.
The judgment of the trial court is affirmed.
BROGAN, J. and FAIN, J., concur.